IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPLAND BAND OF POMO INDIANS ET AL., <br><br> Plaintiff, <br><br> v. <br><br> SALAZAR ET AL., <br><br> Defendant. | No. C 12-00556 CRB <br><br> **ORDER RE MOTIONS FOR SUMMARY JUDGMENT** |

This lawsuit challenges the Bureau of Indian Affairs' (BIA) denial of several Indian tribes' (Plaintiffs) proposals to enter into so-called "self-determination" contracts for law enforcement services, *i.e.*, contracts where the federal government funds and / or authorizes services that the tribes operate by and for themselves. While this Court is sympathetic to the tragic plight of the American Indian community, the issues now presented are controlled by a recent Ninth Circuit Court of Appeals decision. In Los Coyotes Band of Cahuilla & Cupeno Indians v. Jewell, the Ninth Circuit considered and rejected virtually all of the substantive arguments Plaintiffs make here.[1] 729 F.3d 1025 (9th Cir. 2013). The one argument Plaintiffs put forward that was not addressed in Los Coyotes–that Defendants failed to fulfill their fiduciary trust obligations to Plaintiffs–was not before the Ninth Circuit in Los Coyotes because the district

---

[1] Specifically, Los Coyotes requires that this Court reject Plaintiffs' arguments that the BIA's action here violates: (1) the Indian Self-Determination Act; (2) 25 U.S.C. § 450k; (3) the Administrative Procedure Act (arbitrary and capricious); (4) the Administrative Procedure Act (notice and comment procedures); and (5) the Fifth Amendment Equal Protection Clause.

court had rejected the argument and the tribe there chose not to appeal. For the same reasons articulated by the district court in Los Coyotes, this Court rejects Plaintiffs' trust doctrine argument. Los Coyotes Band of Cahuilla & Cupeno Indians v. Salazar, 2011 WL 5118733 at *7-8 (S.D. Cal. Oct. 28, 2011) *rev'd in part by* Los Coyotes, 729 F.3d 1025. The Court GRANTS Defendants' motion in full.[2]

**IT IS SO ORDERED.**

Dated: November 22, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court grants Defendants' motion, it need not reach the question of whether Plaintiffs are entitled to monetary damages.

2